**MATERN LAW GROUP, PC**
Matthew J. Matern (SBN 159798)
mmatern@maternlawgroup.com
Mikael H. Stahle (SBN 182599)
mstahle@maternlawgroup.com
2101 E. El Segundo Blvd., Suite 403
El Segundo, CA 90245
Telephone: (310) 531-1900
Facsimile: (310) 531-1901

Attorneys for Plaintiff SEAN ROSE, individually and on behalf of all others similarly situated

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SEAN ROSE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>LUCKY OPCO LLC dba LUCKY BRAND, a Delaware limited liability company; and DOES 1 through 50, inclusive,<br><br>Defendant. | Case No. 2:25-cv-06748-JAK (Ex)<br><br>**<u>CLASS ACTION</u>**<br><br>**SECOND AMENDED COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff SEAN ROSE ("PLAINTIFF"), individually and on behalf of all others similarly situated, hereby alleges as follows:

1. PLAINTIFF brings this action on behalf of himself and all others similarly situated against defendant LUCKY OPCO LLC DBA LUCKY BRAND, a Delaware limited liability company ("LUCKY BRAND"); and DOES 1 through 50 inclusive (collectively, "DEFENDANTS") to recover monetary damages, injunctive relief, and other remedies for DEFENDANTS' violations of federal and state laws. PLAINTIFF makes the following allegations on information and belief, except as to allegations pertaining to PLAINTIFF individually, which are based on PLAINTIFF's personal knowledge.

## JURISDICTION AND VENUE

2. Jurisdiction is proper in this Court under 28 U.S.C. § 1332 (diversity jurisdiction). Specifically, this Court has subject matter and diversity jurisdiction over this action under 28 U.S.C. § 1332(d) because this is a class action where the amount in controversy exceeds the sum or value of $5 million, exclusive of interest and costs, there are more than 100 members in the proposed class, and at least one CLASS MEMBER, including PLAINTIFF, is a citizen of a state different from DEFENDANTS, establishing minimal diversity.

3. Supplemental jurisdiction to adjudicate issues pertaining to state law is proper in this Court under 28 U.S.C. § 1367.

4. The Central District of California has personal jurisdiction over DEFENDANTS because they conduct substantial business in California and this District and engaged in false advertising practices and sales of Items to PLAINTIFF and members of the proposed class in this District.

5. Venue is proper in this District under 28 U.S.C. §1391(b) because DEFENDANTS operate in this District and a substantial part of the events or omissions giving rise to PLAINTIFF's claims occurred in this District, including DEFENDANTS' false advertising practices and sales of Items to PLAINTIFF and

members of the proposed class, as described herein.

## INTRODUCTION

6. LUCKY BRAND is a clothing retailer that sells clothing items and accessories (each, an "Item" or, the "Items") in retail locations across North America, in certain department stores, and on its e-commerce website. During the statute of limitations periods, and continuing to this day, LUCKY BRAND has created, implemented, and maintained online advertising and sales campaigns that are false, misleading, and deceptive to consumers.

7. Specifically, LUCKY BRAND deceives consumers throughout the United States who are browsing online via its e-commerce website, www.luckybrand.com, as well as consumers who receive its marketing advertisements via email and targeted marketing advertisements on various social media platforms, containing false statements regarding its purported discounts and "sales."

8. Advertised "sale" prices are important to consumers. Consumers are more likely to purchase an item if they know that they are getting a good deal.[1] Further, if consumers think that a sale will end soon, they are likely to buy now, rather than wait, comparison shop, and buy something else.

9. While there is nothing wrong with a legitimate sale, a fake one—that is, one with made-up regular prices and made-up discounts—is deceptive and illegal.

---

[1] *See* Mishra, M., Kushwaha, R., & Gupta, N. (2024) *Impact of sales promotion on consumer buying behavior in the apparel industry*, *Cogent Business & Management*, https://www.tandfonline.com/doi/full/10.1080/23311975.2024.2310552#abstract (last accessed July 22, 2025) ("A customer's inclination to buy is quickly piqued by a price cut. The original price and the discounted price are often shown side by side so that buyers can easily see the difference"); see also https://retailwire.com/discussion/the-psychology-of-discounts-understanding-consumer-behavior-and-decision-making-in-retail/ (last accessed July 22, 2025).

10. Section 17500 of California's False Advertising Law ("FAL") prohibits businesses from making statements they know or should know to be untrue or misleading. Cal. Bus. & Prof. Code § 17500. This includes statements falsely suggesting that a product is on sale, when it actually is not.

11. Moreover, Section 17501 of California's FAL provides that "[n]o price shall be advertised as a former price … unless the alleged former price was the prevailing market price … within three months next immediately preceding" the advertising. Cal. Bus. & Prof. Code § 17501. So, in addition to generally prohibiting untrue and misleading fake discounts, the FAL also specifically prohibits this particular flavor of fake discount (where the advertised former price is not the prevailing price during the specified timeframe).

12. In addition, California's Consumer Legal Remedies Act ("CLRA") prohibits "advertising goods or services with the intent not to sell them as advertised," and specifically prohibits "false or misleading statements of fact concerning reasons for, existence of, or amounts of price reductions." Cal. Civ. Code § 1770(a)(9), (13).

13. Furthermore, the Federal Trade Commission's ("FTC") regulations prohibit false or misleading "former price comparisons," for example, making up "an artificial, inflated price … for the purpose of enabling the subsequent offer of a large reduction" off that price. 16 C.F.R. § 233.1. The FTC also prohibits false or misleading "retail price comparisons" and "comparable value comparisons," for example, ones that falsely suggest that the seller is "offer[ing] goods at prices lower than those being charged by others for the same merchandise" when this is not the case. 16 C.F.R. § 233.2.

14. So, as numerous courts have found, fake sales violate various federal and state laws and regulations. They also violate California's general prohibition on unlawful, unfair, and deceptive business practices. *See* Cal. Bus. & Prof. Code § 17200.

15. On its website, LUCKY BRAND advertises percentage discounts, sales and "extra" sales. For example, LUCKY BRAND advertises sales of "30% Off" and "40% Off," and makes representations that customers can take an "Extra 30% Off SALE" items. However, the only price included from which a consumer may surmise how the discount was calculated is the "Comp. Value" price. Examples are shown below:[2]




[2] Screenshots from www.luckybrand.com (captured by PLAINTIFF on or around March 24, 2024).


10:38
30
$49.99 Select Denim Details Shop Womens Shop Mens
LUCKY BRAND
8
$49.99 Comp. Value $99.00 (50% off)
4 interest-free payments of $12.49 with Klarna. Learn More
Extra 30% Off SALE *discount applied in cart
Color: High View
ADD TO BAG
CHAT
AA
luckybrand.com




MATERN LAW GROUP, PC
2101 E. EL SEGUNDO BLVD.,
SUITE 403
EL SEGUNDO, CA 90245

16. LUCKY BRAND's purported discount advertising is false and misleading. LUCKY BRAND does not provide consumers with necessary information regarding its sales, including the original or sales price. To make it appear its purported price reductions—or "X% off" prices—are real and based on actual real-world prices, LUCKY BRAND places next to the sale price a pop-up disclosure describing the term "Comp. Value" price, as LUCKY BRAND uses it:




17. Accordingly, when consumers click or hover over the informational icon next to the "Comp. Value" reference price, the following pop-up disclosure appears:

> Where an item has a comp value price listed next to, above or below the current price, that price represents either the price at which we previously offered the product, **<u>or</u>** our good-faith estimate of prices for comparable items at department, specialty or other retail stores or websites. As prices often fluctuate, we cannot guarantee that the comp value price reflects the prevailing market price at any given time in any given geographic

> area. As a result, we encourage you to do your own comparison shopping as another way to see what great value we offer. (Bold underline added.)

18. This disclosure confirms that LUCKY BRAND itself does not know whether its "Comp. Value" prices represent either (1) an actual former LUCKY BRAND price, or (2) an actual price for comparable goods available from other retailers in the relevant geographic area. Instead, LUCKY BRAND impermissibly substitutes an unverified "good-faith estimate" and simultaneously disclaims any guarantee that the value reflects the prevailing market price in any area. *See Chester v. TJX Companies, Inc.*, No. 5:15-cv-01437-ODW, 2016 WL 4414768, at *10 (C.D. Cal. Aug. 18, 2016) ("FTC guidelines clearly outline that reference prices meant to reflect comparable values must be actual "prices being charged" by other, similar retailers in the geographical region at that point in time, and not "estimates" of what a fictitious retailer *may* charge.") (citing 16 C.F.R. § 233.2(c); emphasis in original).

19. Thus, LUCKY BRAND's listed "Comp. Value" is not necessarily the price at which LUCKY BRAND previously offered the item. Rather, the "Comp. Value" is LUCKY BRAND's purported "good faith" estimate of the value of the product– which is not based on that item's actual price on other retail websites or in other stores, but instead the *estimated* value for products LUCKY BRAND deems *comparable* at other stores or on other websites. Furthermore, LUCKY BRAND's "Comp. Value" pricing often does not reflect the prevailing market price at any given time in any particular geographic area.

20. In addition, despite LUCKY BRAND's advertisements that certain items will be offered at "X% Off," LUCKY BRAND does not always apply the advertised discount to such items at checkout, further deceiving its customers.

21. As described in more detail below, PLAINTIFF purchased Items from LUCKY BRAND via its e-commerce website, www.luckybrand.com. When

PLAINTIFF made his purchase, LUCKY BRAND advertised that a sale was ongoing, including a discount of "30% Off" or an "Extra 30% Off SALE" Items purchased by PLAINTIFF, thereby representing that such items were being offered at a steep discount from their regular prices or, at a minimum, the market value prices of those Items. On the basis of LUCKY BRAND's representations regarding its discounts, PLAINTIFF believed he was purchasing products that had a regular price or market value price that was at least the "Comp. Value" advertised by LUCKY BRAND for each Item, and that the advertised "extra" discount from said price would be applied to the Items at checkout, per LUCKY BRAND's advertisements. These reasonable beliefs based on LUCKY BRAND's representations caused PLAINTIFF to purchase Items from LUCKY BRAND.

22. However, LUCKY BRAND's representations that PLAINTIFF relied on were false and misleading. The purported "Comp. Value" prices were not regular prices, previous prices at which LUCKY BRAND sold the products, or the prevailing market value of each Item. Furthermore, the discounts were not applied to all of the Items for which they were advertised. Had LUCKY BRAND's representations been truthful, PLAINTIFF and other consumers like him would not have purchased the Items, or would have paid less for them.

23. PLAINTIFF brings this case on behalf of himself and other consumers who purchased LUCKY BRAND's Items via LUCKY BRAND's website. LUCKY BRAND's misconduct has caused PLAINTIFF and other consumers who purchased LUCKY BRAND's Items significant damages.

## THE PARTIES

24. PLAINTIFF is a citizen and resident of the State of California residing in Los Angeles, California. On or around March 24, 2024, PLAINTIFF purchased Items from LUCKY BRAND's e-commerce website, www.luckybrand.com.

25. PLAINTIFF brings this action on behalf of himself and the following similarly situated class of individuals: all natural persons who, while in the State of

California during the four (4) year period preceding the filing of the original Complaint through the date this action settles or proceeds to final judgment (the "Class Period"), purchased one or more LUCKY BRAND products at a purported discount on LUCKY BRAND's website (the "CLASS" OR "CLASS MEMBERS"). Plaintiff reserves the right to name additional class representatives.

26. PLAINTIFF is informed and believes, and thereon alleges, that LUCKY BRAND is, and at all times relevant hereto was, a limited liability company organized and existing under the laws of the State of Delaware. PLAINTIFF is further informed and believes, and thereon alleges, that LUCKY BRAND is authorized to conduct business throughout the United States, including in the State of California, and does conduct business throughout the United States and in the State of California through its website and its retail locations. According to the California Secretary of State's website (https://bizfileonline.sos.ca.gov/search/business), LUCKY BRAND has its principal place of business at 125 Chubb Avenue, 5th Floor, Lyndhurst, New Jersey 07071. On information and belief, LUCKY BRAND's e-commerce website is one of the primary vehicles of the false advertising and unfair business practices that form the basis for this action.

27. The true names and capacities of DOES 1 through 50, inclusive, are unknown to PLAINTIFF at this time, and PLAINTIFF therefore sues such defendants under fictitious names. PLAINTIFF is informed and believes, and thereon alleges that each defendant designated as a DOE is responsible in some manner for the events and happenings referred to herein, and legally caused the injuries and damages alleged in this Complaint. PLAINTIFF will seek leave of the court to amend this Complaint to allege their true names and capacities when ascertained.

///

///

## FACTUAL ALLEGATIONS

### A. LUCKY BRAND's Company Profile

28. LUCKY BRAND was founded in 1990 and is a large retailer of clothing items and accessories. LUCKY BRAND operates nearly 130 retail locations in the United States and also sells clothing items and accessories on its e-commerce website, www.luckybrand.com. LUCKY BRAND operates approximately 23 locations in California, more than any other state in the country.[3]

29. On information and belief, LUCKY BRAND has a reported annual revenue of $1.2 billion and employs approximately 2,600 employees across the country.[4]

### B. LUCKY BRAND's Fake Prices and Fake Discounts

30. On its website, LUCKY BRAND creates the false impression that it is discounting products from their previous or regular price or, at a minimum, the market value of its products. LUCKY BRAND advertises steep discounts on its products. These discounts typically offer "X% off," sometimes with an "Extra X% Off", creating in consumers the reasonable impression that the discounts are based on the regular or original price of a product. LUCKY BRAND advertises these discounts extensively—on banners at the top of the homepage of its website, next

---

[3] https://stores.luckybrand.com/?_gl=1*2ifiio*_gcl_aw*R0NMLjE3NTI2MjM3MjQuQ2owS0NRanctTmZEQmhEeUFSSXNBRC1JTGVDT2NpVk1QN1hmX0xWQncwMVFYT08xeHphVGdmRVpCQTNQcm1ZZWZSbzBkX1RYa2VDdEs4d2FBdFZXRUFMd193Y0I.*_gcl_dc*R0NMLjE3NTI2MjM3MjQuQ2owS0NRanctTmZEQmhEeUFSSXNBRC1JTGVDT2NpVk1QN1hmX0xWQncwMVFYT08xeHphVGdmRVpCQTNQcm1ZZWZSbzBkX1RYa2VDdEs4d2FBdFZXRUFMd193Y0I.*_gcl_au*NjYwMTMyMTUxLjE3NTEzMjQ3NjI.*_ga*NDQ5MDAyMDU5LjE3NTEzMDU3MDc.*_ga_JVY795T7Z5*czE3NTI2MjM3MjQkbzgkZzAkdDE3NTI2MjM3MjckajU3JGwwJGgw (last accessed July 15, 2025).

[4] https://www.zoominfo.com/c/lucky-opco-llc/344500730 (last accessed on July 22, 2025); https://rocketreach.co/lucky-brand-profile_b5c6490ef42e0cb6 (last accessed on July 22, 2025); https://www.datanyze.com/companies/lucky-brand/344500730 (last accessed on July 22, 2025).

MATERN LAW GROUP, PC
2101 E. EL SEGUNDO BLVD., SUITE 403
EL SEGUNDO, CA 90245

to images of each product purportedly on sale, in advertisements on its social media platforms and advertisements targeted to consumers, and in emails to consumers.

31. Using these tactics, LUCKY BRAND leads reasonable consumers to believe that LUCKY BRAND's products advertised as on sale are being offered for considerable discounts from the regular or original price at which LUCKY BRAND sold the product, or the market value price of each product, or, in the case of the "Extra X% Off" advertisements, for an additional discount from the regular or original price. However, in reality, these advertised discounts were based on LUCKY BRAND's calculation of the "Comp. Value" price, which, according to LUCKY BRAND's own description of that term is not the price at which any given item was ever sold at LUCKY BRAND or elsewhere. Instead, according to LUCKY BRAND's pop-up disclosure it utilizes in conjunction with sale prices, the "Comp. Value" price represents LUCKY BRAND's purported "good faith" *estimate* as to the price of other products it deems comparable to each product advertised as on sale.

32. As a result, LUCKY BRAND's listed price and purported discount advertising is false. The "Comp. Value" prices do not actually reflect the previous or prevailing market price of the product for which the sale is offered, rather, it represents LUCKY BRAND's *estimate* of the value of *other items* it deems comparable. The consumer has no information as to how such estimates are formed or what items are deemed comparable to determine the "Comp. Value" price. Furthermore, the "extra" discount advertised on sale items is false as it is not based on the original or previous sale price of the item and often is not applied at checkout.

**C. LUCKY BRAND's Advertisements are Deceptive, Unfair, and Unlawful**

33. Section 17500 of California's FAL prohibits businesses from making statements they know or should know to be untrue or misleading. Cal. Bus. & Prof.

Code § 17500. This includes statements falsely suggesting that a product is on sale, when it actually is not.

34. Moreover, section 17501 of California's FAL specifically provides that "[n]o price shall be advertised as a former price … unless the alleged former price was the prevailing market price … within three months next immediately preceding" the advertising. Cal. Bus. & Prof. Code § 17501.

35. In addition, California's CLRA prohibits "advertising goods or services with the intent not to sell them as advertised" and specifically prohibits "false or misleading statements of fact concerning reasons for, existence of, or amounts of price reductions." Cal. Civ. Code § 1770(a)(9), (13).

36. Furthermore, the FTC's regulations prohibit false or misleading "former price comparisons," for example making up "an artificial, inflated price … for the purpose of enabling the subsequent offer of a large reduction" off that price. 16 C.F.R. § 233.1. The FTC also prohibits false or misleading "retail price comparisons" and "comparable value comparisons," for example ones that falsely suggest that the seller is "offer[ing] goods at prices lower than those being charged by others for the same merchandise" when this is not the case. 16 C.F.R. § 233.1.

37. Finally, California's Unfair Competition Law ("UCL") bans unlawful, unfair, and deceptive business practices. *See* Cal. Bus. & Prof. Code § 17200.

38. Here, as described in detail above, LUCKY BRAND makes untrue and misleading statements about its prices and discounts. LUCKY BRAND advertises percentage discounts that are purportedly based on the original or previous price at which LUCKY BRAND sold the product, or at least the market value of the product, when in fact the discount is merely based on LUCKY BRAND's purported "Comp. Value" of the product, which is a price LUCKY BRAND assigns based on its estimate of the value of similar items. In addition, LUCKY BRAND advertises "extra" discounts on sale items, but does not base the discounts on the previous sale price for each item. Furthermore, LUCKY BRAND advertises discounts that it

does not apply when consumers check out on its website. Thus, LUCKY BRAND made false or misleading statements of fact concerning the reasons for, existence of, and amounts of price reductions, including discounts on individual Items, and the amounts of price reductions resulting from those discounts. Accordingly, LUCKY BRAND engaged in unlawful, unfair, and deceptive business practices.

**D. LUCKY BRAND's False Advertisements Harmed Consumers**

39. Based on LUCKY BRAND's advertisements, reasonable consumers would expect that the listed "Comp. Value" prices are the "regular" prices at which LUCKY BRAND usually sells its products; that these are former prices that LUCKY BRAND sold its products at before the discount was introduced, and that these are the prevailing market prices at LUCKY BRAND and/or other nationwide clothing and accessory stores and/or fashion retailers.

40. Reasonable consumers would also expect that, if they purchase during the sale, they will receive a product whose regular price and/or market value is the advertised regular price and that they will receive the advertised discount from the regular purchase price. *See Bettancourt v. Gilroy Theatre Co.* (1953) 120 Cal. App. 2d 364, 376.

41. In addition, consumers are more likely to buy the product if they believe that the product is on sale and that they are getting a product with a higher regular price and/or market value at a substantial discount.[5]

42. Consumers that are presented with discounts are substantially more likely to make the purchase. "Nearly two-thirds of consumers surveyed admitted that a promotion or a coupon often closes the deal, if they are wavering or are undecided on making a purchase."[6] And, "two-thirds of consumers have made a

---

[5] *See* https://retailwire.com/discussion/the-psychology-of-discounts-understanding-consumer-behavior-and-decision-making-in-retail/ (last accessed July 22, 2025).

[6] https://www.invespcro.com/blog/how-discounts-affect-online-consumer-buying-behavior/ (last accessed July 15, 2025).

purchase they weren't originally planning to make solely based on finding a coupon or discount," while "80% [of consumers] said they feel encouraged to make a first-time purchase with a brand that is new to them if they found an offer or discount."[7]

43. Thus, LUCKY BRAND's advertisements harm consumers by inducing them to make purchases based on false information. In addition, by this same mechanism, LUCKY BRAND's advertisements artificially increase consumer demand for its products. This puts upward pressure on the prices that LUCKY BRAND can charge for its products. As a result, LUCKY BRAND can charge a price premium for its products that it would not be able to charge absent the misrepresentations described above. So, due to LUCKY BRAND's misrepresent-ations, PLAINTIFF and CLASS MEMBERS paid more for the Items they bought than they otherwise would have.

**E. PLAINTIFF Was Misled By LUCKY BRAND's False Advertisements**

44. On March 24, 2024, PLAINTIFF purchased several Items from LUCKY BRAND's website. He made those purchases while living in Los Angeles, California. On the website, LUCKY BRAND listed "Comp. Value" prices for each Item, and was advertising a "40% Off" certain Items and an 'Extra 30% Off SALE" promotion on the Items purchased by PLAINTIFF.

///

///

///

///

///

///

[7] https://retailmenot.mediaroom.com/2018-04-25-RetailMeNot-Survey-Deals-and-Promotional-Offers-Drive-Incremental-Purchases-Online-Especially-Among-Millennial-Buyers (last accessed July 15, 2025).

45. Redacted screenshots of PLAINTIFF's receipt evidencing the online purchases PLAINTIFF made are shown below:

**From:** Lucky Brand Orders luckybrand@tr.luckybrand.com
**Subject:** Your Lucky Brand Order #82874509
**Date:** March 24, 2024 at 10:52 PM
**To:** [redacted]

LO

LUCKY BRAND

ORDER CONFIRMATION

## THANK YOU FOR YOUR ORDER!

Your order number #82874509 has been processed and will ship within 1 - 2 business days!

We'll send you a shipping notice when it's on the way.

### ORDER SUMMARY

**SHIPPING ADDRESS**

SEAN ROSE
[redacted]

**BILLING ADDRESS**

SEAN ROSE
[redacted]

**PAYMENT METHOD**

ending in

### YOUR ITEMS



**VENICE BURNOUT V NECK TEE**

Item #: 196200524993
Style: 7M62750
Color: JET BLACK
Quantity: 1

Price: $20.70



**DUOFOLD BASEBALL**

Extra 30% Off SALE*Price as shown
Item #: 196200013367
Style: 7M62658
Color: HEATHER GREY MULTI
Quantity: 1

Price: $13.99



**TENCEL LONG SLEEVE HENLEY**

Extra 30% Off SALE*Price as shown
Item #: 196200791036
Style: 7M62872
Color: HEATHER GREY
Quantity: 1

Price: $17.49



**VINTAGE LEATHER JACKET**

Extra 30% Off SALE*Price as shown
Item #: 191671689370
Style: 7M30779
Color: PINECONE
Quantity: 1

Price: $139.99



**411 ATHLETIC TAPER COOLMAX STRETCH JEAN**

Extra 30% Off SALE*discount applied in cart

Item #: 196200397825

Style: 7M13556

Color: GENESIS

Inseam: 30

Quantity: 1

Price: $34.99



**WEEKEND SLUB JERSEY LONG SLEEVE HENLEY**

Extra 30% Off SALE*Price as shown

Item #: 196200790282

Style: 7M62858

Color: JET BLACK

Quantity: 1

Price: $13.99

| | |
|---|---|
| Subtotal | $241.15 |
| Shipping Standard | $10.00 |
| Shipping Discount | – $10.00 |
| Sales Tax | $17.48 |
| **TOTAL** | **$258.63** |

**THANK YOU FOR SHOPPING WITH US**

Have questions? Contact us.

This email was sent to [redacted]

Contact Us | Privacy Policy

Lucky OpCo LLC | 125 Chubb Ave. | Lyndhurst, NJ 07071 | United States

46. As the receipt shows, for each purchase, LUCKY BRAND represented that PLAINTIFF was receiving a substantial discount for the items that he purchased.

47. PLAINTIFF contacted LUCKY BRAND the following day in an attempt to obtain a refund or price adjustment per LUCKY BRAND's advertisements, to no avail.

48. PLAINTIFF read and relied on LUCKY BRAND's representations on its website and advertisements targeted at PLAINTIFF as explained above, specifically that the Items were being offered at a discount and had the regular prices listed next to the purported discount on LUCKY BRAND's website. Based on LUCKY BRAND's representations described and shown above, PLAINTIFF purchased Items from LUCKY BRAND.

49. PLAINTIFF reasonably believed that the Items he was purchasing regularly—and before the promotion LUCKY BRAND was advertising—retailed at the listed "Comp Value" price, that this "Comp. Value" price was the original price or market value of the Items that he was buying, and that he was receiving the advertised discount as compared to the regular price. He would not have made these purchases if he had known that the Items were not discounted as advertised, or that he was not receiving the advertised discount due to LUCKY BRAND's failure to apply all discounts as advertised at checkout.

50. PLAINTIFF thus has been harmed and faces an imminent threat of future harm. PLAINTIFF has frequently purchased Items form LUCKY BRAND and would purchase Items from LUCKY BRAND again in the future if he could feel certain that LUCKY BRAND's regular or "Comp. Value" prices accurately reflected the prices at which the Items previously sold or the market value of such Items. PLAINTIFF would also purchase Items from LUCKY BRAND again in the future if he could feel certain that LUCKY BRAND was going to apply the advertised discount to all Items her purchased. But without an injunction,

PLAINTIFF has no realistic way to know which—if any—of LUCKY BRAND's "Comp. Value" prices, discounts, and sales are not false or deceptive. Accordingly, PLAINTIFF is unable to rely on LUCKY BRAND's advertising in the future, and so cannot purchase Items he would like to purchase.

**F. LUCKY BRAND Breached Its Contract**

51. When PLAINTIFF purchased and paid for the LUCKY BRAND Items he bought as described above, he accepted offers that LUCKY BRAND made, and thus, a contract was formed each time that he made a purchase. The offer was to provide Items having a particular listed regular price and/or market value equal to the displayed "Comp. Value" price, and to provide that Item at the discounted price advertised on the website.

52. When PLAINTIFF made his March 24, 2024 purchase from LUCKY BRAND, LUCKY BRAND's website purportedly listed the regular price and/or market value of the Items that LUCKY BRAND promised to provide, or as applicable, the "sale price" from which PLAINTIFF was offered an additional discount. LUCKY BRAND agreed to provide a discount equal to the difference between the prices paid by PLAINTIFF and the listed regular price and/or market value equaling the displayed "Comp. Value" price. The regular price and/or market value of the items PLAINTIFF would receive, and the amount of the discount he would receive off the regular price and/or market value of those Items were specific and material terms of the contract.

53. PLAINTIFF performed his obligations under the contracts by paying for the Items he purchased.

54. LUCKY BRAND breached its contract by failing to provide PLAINTIFF with Items that have a regular price and/or market value equal to the displayed "Comp. Value" price, and by failing to apply the discounts it promised.

///

///

## CLASS ACTION ALLEGATIONS

55. PLAINTIFF brings this action as a class action on behalf of himself, and all others similarly situated pursuant to Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure. The proposed class that PLAINTIFF seeks to represent is defined as follows:

> All natural persons who, while in the State of California during the four (4) year period preceding the filing of the original Complaint through the date this action settles or proceeds to final judgment (the "Class Period"), purchased one or more LUCKY BRAND products at a purported discount on LUCKY BRAND's website (the "CLASS").

56. Excluded from the class are DEFENDANTS, their agents, affiliates, parents, subsidiaries, any entity in which DEFENDANTS have a controlling interest, any officer or director of DEFENDANTS, any successor or assign, and any Judge who adjudicates this case, including their staff and immediate family.

57. PLAINTIFF reserves the right to expand, limit, modify, or amend the class definitions, including the addition of one or more subclasses, in connection with his motion for class certification, or at any other time, based upon, *inter alia*, changing circumstances and/or new facts obtained during discovery.

58. PLAINTIFF and CLASS MEMBERS constitute a well-defined community of interest – they are similarly situated persons and were similarly affected and damaged by the alleged conduct of DEFENDANTS.

59. Certification of PLAINTIFF's claims for class-wide treatment is appropriate because PLAINTIFF can prove the elements of his claims on class-wide basis using the same evidence as would be used to prove those elements in individual actions asserting the same claims.

60. Ascertainability. All members of the proposed class are readily ascertainable from information in DEFENDANTS' custody and control. DEFENDANTS keep extensive computerized records of their customers through, *inter alia*, customer loyalty programs and general marketing programs.

DEFENDANTS have one or more databases through which a significant majority of CLASS MEMBERS may be identified and ascertained, and they maintain contact information, including email and home mailing addresses, through which notice of this action could be disseminated to potential CLASS MEMBERS in accordance with due process requirements.

61. Numerosity. The CLASS MEMBERS are so numerous that joinder of all CLASS MEMBERS is impracticable. While the exact number of CLASS MEMBERS is unknown to PLAINTIFF at this time, PLAINTIFF estimates that the class consists of at least tens of thousands of members. The disposition of the claims of CLASS MEMBERS in a single action will provide substantial benefits to all parties and to the Court. The CLASS MEMBERS are readily identifiable from information and records in DEFENDANTS' possession, custody, or control.

62. Typicality. PLAINTIFF'S claims are typical of the claims of the CLASS MEMBERS and, like all CLASS MEMBERS, PLAINTIFF purchased LUCKY BRAND Items from LUCKY BRAND's website that conveyed false advertising regarding fictitious sales and discounts as depicted on the website and in LUCKY BRAND's other online and social media advertisements. PLAINTIFF and the CLASS MEMBERS have all been deceived (or were likely to be deceived) by DEFENDANTS' false former price advertising, false sales advertising, and labeling scheme, as alleged herein. PLAINTIFF is advancing the same claims and legal theories on behalf of himself and all CLASS MEMBERS. Accordingly, PLAINTIFF has no interests antagonistic to the interests of any other CLASS MEMBER.

63. Adequacy. PLAINTIFF is an adequate representative of the CLASS MEMBERS because he is a CLASS MEMBER and his interests do not conflict with the interests of the CLASS MEMBERS he seeks to represent. Plaintiff will fairly and adequately represent and protect the interest of the CLASS MEMBERS because he is not antagonistic to the CLASS MEMBERS. PLAINTIFF has retained

counsel who are competent and experienced in the prosecution of consumer fraud and class action litigation.

64. Commonality and Predominance. PLAINTIFF and the CLASS MEMBERS' claims raise predominantly common factual and legal questions-which predominate over any questions affecting only individual CLASS MEMBERS, for which a class wide proceeding can answer for all CLASS MEMBERS. A class-wide proceeding is necessary to answer the following questions:

a. Whether, during the Class Period, DEFENDANTS used false price representations and falsely advertised price discounts on LUCKY BRAND Items they sold on the LUCKY BRAND website;

b. Whether DEFENDANTS intended their "Comp. Value" to be synonymous with the item's former, regular, or original price, or the market value of the product to which the "Comp. Value" corresponds;

c. Whether, during the Class Period, the "Comp. Value" advertised by DEFENDANTS for each product was the prevailing market price for the associated LUCKY BRAND product sold by DEFENDANTS during the three month period preceding the dissemination and/or publication of the advertised "Comp. Value;"

d. Whether DEFENDANTS' use of false or deceptive price advertising constituted false advertising;

e. Whether DEFENDANTS engaged in unfair, unlawful and/or fraudulent business practices;

f. Whether DEFENDANTS misrepresented and/or failed to disclose material facts about their product pricing and discounts;

g. Whether DEFENDANTS have made false or misleading statements of fact concerning the reasons for, existence of, or amounts of price reductions;

MATERN LAW GROUP, PC
2101 E. EL SEGUNDO BLVD.,
SUITE 403
EL SEGUNDO, CA 90245

h. Whether DEFENDANTS breached their contracts with PLAINTIFF and CLASS MEMBERS;

i. Whether DEFENDANTS' conduct, as alleged herein, was intentional and knowing;

j. Whether CLASS MEMBERS are entitled to damages and/or restitution; and, if so, what is the amount of revenues and/or profits DEFENDANTS received and/or was lost by CLASS MEMBERS as a result of the conduct alleged herein;

k. Whether an injunction is necessary to prevent DEFENDANTS from continuing to use false, misleading or illegal price comparisons; and

l. Whether PLAINTIFF and CLASS MEMBERS are entitled to an award of reasonable attorneys' fees, pre-judgment interest and costs of suit.

65. Superiority. A class action will provide substantial benefits and is superior to all other available means for the fair and efficient adjudication of this controversy. The damages or other financial detriment suffered by individual CLASS MEMBERS are relatively small compared to the burden and expense that individual litigation against DEFENDANTS would require. Thus, it would be practically impossible for CLASS MEMBERS, on an individual basis, to obtain effective redress for their injuries. Not only would individualized litigation increase the delay and expense to all parties and the courts, but individualized litigation would also create the danger of inconsistent or contradictory judgments arising from the same set of facts. By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, ensures economies of scale, provides comprehensive supervision by a single court, and presents no unusual management difficulties. The nature of this action and the nature of laws available to PLAINTIFF and CLASS MEMBERS make the use of the class action format a particularly efficient and appropriate procedure to afford relief to PLAINTIFF and CLASS MEMBERS for the wrongs alleged because:

MATERN LAW GROUP, PC
2101 E. EL SEGUNDO BLVD.,
SUITE 403
EL SEGUNDO, CA 90245

a. The individual amounts of damages involved, while not insubstantial, are such that individual actions or other individual remedies are impracticable and litigating individual actions would be too costly;

b. If each CLASS MEMBER was required to file an individual lawsuit, DEFENDANTS would necessarily gain an unconscionable advantage since they would be able to exploit and overwhelm the limited resources of each individual CLASS MEMBER with vastly superior financial and legal resources;

c. The costs of individual suits could unreasonably consume the amounts that would be recovered;

d. Proof of a common factual pattern that PLAINTIFF experienced is representative of that experienced by CLASS MEMBERS and will establish the right of each CLASS MEMBER to recover on the cause of action alleged; and

e. Individual actions would create a risk of inconsistent results and would be unnecessary and duplicative of this litigation.

66. PLAINTIFF and CLASS MEMBERS have all similarly suffered irreparable harm and damages as a result of DEFENDANT'S unlawful and wrongful conduct. This action will provide substantial benefits to PLAINTIFF, CLASS MEMBERS, and the public because, absent this action, PLAINTIFF and CLASS MEMBERS will continue to suffer losses, thereby allowing DEFENDANTS' violations of law to proceed without remedy, and allowing DEFENDANTS to retain proceeds of their ill-gotten gains.

67. All CLASS MEMBERS, including PLAINTIFF, were exposed to one or more of DEFENDANTS' misrepresentations or omissions of material fact regarding its price discounts and the advertised "Comp. Values." Due to the scope and extent of DEFENDANTS' consistent false price advertising scheme, disseminated in a massive advertising campaign to consumers via LUCKY BRAND's e-commerce website and online via its targeted social media advertisements and the like, it can be reasonably inferred that such

misrepresentations or omissions of material fact were uniformly made to all CLASS MEMBERS. In addition, it can be reasonably presumed that all CLASS MEMBERS, including PLAINTIFF, affirmatively acted in response to the representations contained in DEFENDANTS' false advertising scheme when purchasing LUCKY BRAND Items on LUCKY BRAND's website.

68. DEFENDANTS have acted or refused to act on grounds generally applicable to the CLASS MEMBERS as a whole and PLAINTIFF seeks, *inter alia*, equitable remedies with respect to the CLASS MEMBERS as a whole. As such, the systematic policies and procedures of DEFENDANTS make final injunctive relief or declaratory relief with respect to the CLASS MEMBERS as a whole appropriate.

## **FIRST CAUSE OF ACTION**

**Violation of California's False Advertising Law**

**[Bus. & Prof. Code §§ 17500 & 17501, *et. seq.* ("FAL")]**

**(On behalf of PLAINTIFF and the CLASS)**

69. PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in the preceding paragraphs.

70. PLAINTIFF brings this cause of action on behalf of himself and members of the CLASS.

71. DEFENDANTS have violated California's FAL, Sections 17500 and 17501 of the Business and Professions Code.

72. DEFENDANTS have violated, and continue to violate, Section 17500 of the Business and Professions Code by disseminating untrue and misleading advertisements over the internet via LUCKY BRAND's e-commerce website and in its advertisements to PLAINTIFF and the CLASS online and via email.

73. As alleged more fully above, LUCKY BRAND advertises false discounts based on purported original or sale prices that never existed. LUCKY BRAND does this, for example, by advertising steep discounts on its Items, such as

"X% off," or "Extra X% Off," Items, creating the reasonable impression in consumers that the discounts are based on the regular or original price of its Items.

74. However, the "sales" advertised by LUCKY BRAND are not based on its regular, original, or previous sale prices, nor are they based on the prevailing market value for such Items. Those prices are not LUCKY BRAND's regular or original. Instead, the purported "sales" are based on a "Comp. Value" that LUCKY BRAND assigns to its Items, which is nothing more than LUCKY BRAND's purported "good faith" *estimated* value for comparable items at other stores or on other websites. *See Chester v. TJX Companies, Inc.*, No. 5:15-cv-01437-ODW, 2016 WL 4414768, at *10 (C.D. Cal. Aug. 18, 2016) ("FTC guidelines clearly outline that reference prices meant to reflect comparable values must be actual "prices being charged" by other, similar retailers in the geographical region at that point in time, and not "estimates" of what a fictitious retailer *may* charge.") (citing 16 C.F.R. § 233.2(c); emphasis in original).

75. Furthermore, LUCKY BRAND's "Comp. Value" pricing does not reflect the prevailing market price at any given time in any particular geographic area, as it readly concedes in its pop-up disclosure: "[W]e cannot guarantee that the comp value price reflects the prevailing market price at any given time in any given geographic area"). Accordingly, LUCKY BRAND's statements about the purported discounts are untrue and purposefully misleading.

76. In addition, LUCKY BRAND advertises discounts, such as "X% Off" certain Items, but fails to apply such discounts to those Items at checkout as advertised, in further violation of Section 17500.

77. In addition, as set forth above, DEFENDANTS have violated, and continue to violate, Section 17501 of the Business and Professions Code by advertising "Comp. Value" prices as though they are former prices, and advertising "Comp. Value" prices that were not the prevailing market price within three months immediately preceding the advertising. As explained above, DEFENDANTS

advertised "Comp. Value" prices, which reasonable consumers would understand to denote former prices, original prices, or, at a minimum, prevailing market prices. On information and belief, the "Comp. Value" prices advertised by LUCKY BRAND were not the prevailing market prices for the products within three months preceding publication of the advertisement, nor were they the previous or original prices at which LUCKY BRAND or any other retailer sold each Item for which the "Comp. Value" is listed. Indeed, LUCKY BRAND's price advertisements do not state clearly, exactly, and conspicuously when, if ever, the former prices prevailed. LUCKY BRAND's advertisements do not indicate whether or when the purported former prices were offered at all.

78. The FAL specifically prohibits this kind of false advertising. Section 17501 provides in relevant part, "No price shall be advertised as a former price of any advertised thing, unless the alleged former price was the prevailing market price . . . within three months next immediately preceding the publication of the advertisement or unless the date when the alleged former price did prevail is clearly, exactly and conspicuously stated in the advertisement."

79. DEFENDANTS' misrepresentations were intended to induce reliance, and PLAINTIFF and the CLASS saw, read, and reasonably relied on the statements when purchasing LUCKY BRAND Items online. DEFENDANTS' misrepresentations were a substantial factor in PLAINTIFF's and the CLASS' purchase decisions.

80. In addition, CLASS-wide reliance can be inferred because LUCKY BRAND's misrepresentations were material, i.e., a reasonable consumer would consider them important in deciding whether to buy LUCKY BRAND Items.

81. LUCKY BRAND's misrepresentations were a substantial factor and proximate cause in causing damages and losses to PLAINTIFF and the CLASS, and such misrepresentations were designed to increase DEFENDANTS' profits.

82. PLAINTIFF and the CLASS were injured as a direct and proximate result of DEFENDANTS' conduct because (a) they would not have purchased LUCKY BRAND Items if they had known the truth, and/or (b) they overpaid for the Items because the LUCKY BRAND Items were sold at a price premium due to the misrepresentation.

83. Through their unfair acts and practices, DEFENDANTS have improperly obtained money from PLAINTIFF and the CLASS. As such, PLAINTIFF requests that this Court enjoin DEFENDANTS from continuing to violate the FAL in the future.

## SECOND CAUSE OF ACTION

**Violation of the Consumer Legal Remedies Act**

**[Cal. Civil Code § 1750, *et seq.* ("CLRA")]**

**(On behalf of PLAINTIFF and the CLASS)**

84. PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in the preceding paragraphs.

85. PLAINTIFF brings this cause of action on behalf of himself and members of the CLASS.

86. PLAINTIFF and the CLASS are "consumers[s]" within the meaning of California Civil Code section 1761(d) and are California residents.

87. LUCKY BRAND is a "business" within the meaning of California Civil Code section 1798.80(a).

88. DEFENDANTS' sales of LUCKY BRAND Items via LUCKY BRAND's e-commerce website to PLAINTIFF and the CLASS were "transactions" within the meaning of California Civil Code § 1761(e). The LUCKY BRAND Items purchased by PLAINTIFF and the CLASS are "goods" within the meaning of California Civil Code § 1761(a).

89. The conduct alleged in this Complaint constitutes unfair methods of competition and unfair and deceptive acts and practices for the purpose of the

MATERN LAW GROUP, PC
2101 E. EL SEGUNDO BLVD.,
SUITE 403
EL SEGUNDO, CA 90245

CLRA, and the conduct was undertaken by DEFENDANTS in transactions intended to result in, and which did result in, the sale of goods to consumers.

90. As described herein, DEFENDANTS violated, and continue to violate, the CLRA by falsely representing the nature, existence and amount of price discounts by fabricating the "Comp. Value" of its Items, falsely representing that the "Comp. Value" represents the regular, or previous sale price of each Item, and falsely representing that the "Comp. Value" of each Item is the prevailing market value of that Item. DEFENDANTS further violated the CLRA by advertising price discounts on its website that they does not actually apply at checkout. Such a pricing scheme is in violation of Cal. Civ. Code § 1770, subsection (a)(9) ("[a]dvertising goods or services with intent not to sell them as advertised") and subsection (a)(13) ("[m]aking false or misleading statements of fact concerning reasons for, existence of, or amounts of price reductions").

91. DEFENDANTS violated, and continue to violate, Section 1770(a)(5) of the California Civil Code by representing that Items offered for sale have characteristics or benefits that they do not have. DEFENDANTS represent that the value of their Items is greater than the actual value by advertising inflated regular prices and fake discounts for their Items.

92. PLAINTIFF and the CLASS relied on DEFENDANTS' false representations in deciding to purchase LUCKY BRAND Items from LUCKY BRAND. DEFENDANTS' misrepresentations were a substantial factor in PLAINTIFF's and the CLASS' purchase decisions, as PLAINTIFF and the CLASS would not have purchased such merchandise absent DEFENDANTS' unlawful conduct and false representations. DEFENDANTS' misrepresentations were likely to deceive, and did deceive, PLAINTIFF and the CLASS. DEFENDANTS knew, or should have known through the exercise of reasonable care, that these statements were inaccurate and misleading.

93. In addition, the CLASS' reliance can be inferred because DEFENDANTS' misrepresentations were material, i.e., a reasonable consumer would consider them important in deciding whether to buy the LUCKY BRAND Items.

94. DEFENDANTS' misrepresentations were a substantial factor and proximate cause in causing damages and losses to PLAINTIFF and the CLASS.

95. As a result of these acts and practices, PLAINTIFF suffered damage in that he spent money on the LUCKY BRAND website that he would not have otherwise spent absent DEFENDANTS' unlawful and misleading acts and practices.

96. PLAINTIFF and the CLASS were injured as a direct and proximate result of DEFENDANTS' conduct because (a) they would not have purchased LUCKY BRAND Items if they had known the discounts and/or regular prices were not real, and/or (b) they overpaid for the Items because the Items were sold at a price premium due to the misrepresentation.

97. Accordingly, pursuant to California Civil Code § 1780(a)(2), PLAINTIFF, on behalf of himself and all other members of the CLASS, seeks injunctive relief.

98. Pursuant to Section 1782(a) of the CLRA, on July 23, 2025, PLAINTIFF sent a CLRA demand letter to LUCKY BRAND and its California registered agent for service of process via certified mail (return receipt requested), that provided notice of DEFENDANTS' violations of the CLRA and demanded that DEFENDANTS correct the unlawful, unfair, false and/or deceptive practices alleged herein. Because 30 days have passed since PLAINTIFF's letter was sent, PLAINTIFF and the CLASS seek damages, in addition to injunctive relief, under the CLRA.

99. PLAINTIFF'S CLRA venue declaration is attached as Exhibit A.

///

**<u>THIRD CAUSE OF ACTION</u>**

**Violation of California's Unfair Competition Law**

**[Cal. Bus. & Prof. Code § 17200, *et seq*.]**

**(On behalf of PLAINTIFF and the CLASS)**

100. PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in the preceding paragraphs.

101. PLAINTIFF brings this claim on behalf of himself and the CLASS against DEFENDANTS.

102. The California UCL, California Business & Professions Code section 17200, *et seq*., prohibits any "unlawful," "fraudulent" or "unfair" business act or practice and any false or misleading advertising, as defined by the UCL and relevant case law.

***The Unlawful Prong***

103. DEFENDANTS engaged in unlawful conduct by violating the CLRA and FAL, as alleged above and incorporated here, by engaging in their false pricing schemes. DEFENDANTS further violated the UCL by violating the FTC's regulations which prohibit false or misleading "former price comparisons." 16 C.F.R. § 233.1. The FTC also prohibits false or misleading "retail price comparisons" and "comparable value comparisons." 16 C.F.R. § 233.1; 16 C.F.R. § 233.2.

***The Deceptive Prong***

104. As alleged in detail above, DEFENDANTS' representations that its Items were on sale, that the Items had a specific regular, original, or previous sale price, and that the customers were receiving discounts on those Items were false and intentionally misleading.

105. DEFENDANTS' representations were misleading to PLAINTIFF and the CLASS.

106. PLAINTIFF and the CLASS relied upon DEFENDANTS' misleading

representations and omissions, as detailed above, in making purchasing decisions.

***The Unfair Prong***

107. As alleged in detail above, DEFENDANTS committed "unfair" acts by falsely advertising that their Items were on sale, that the Items had a specific regular, original, or previous sale price, or prevailing market value, and that the customers were receiving discounts.

108. DEFENDANTS violated established public policy by violating the CLRA, the FAL, and the FTC's regulations, as alleged above and incorporated here. The unfairness of this practice is tethered to a legislatively declared policy (that of the CLRA, FAL, and FTC).

109. The harm to PLAINTIFF and the CLASS greatly outweighs the public utility of DEFENDANTS' conduct. There is no public utility to misrepresenting the price of a consumer product. This injury was not outweighed by any countervailing benefits to consumers or competition. Misleading consumer products only injure healthy competition and harm consumers.

110. PLAINTIFF and the CLASS could not have reasonably avoided this injury. As alleged above, DEFENDANTS' representations were deceptive to reasonable consumers like PLAINTIFF.

111. DEFENDANTS' conduct, as alleged above, was immoral, unethical, oppressive, unscrupulous, and substantially injurious to consumers.

112. For all prongs, DEFENDANTS' representations were intended to induce reliance, and PLAINTIFF saw, read, and reasonably relied on them when purchasing LUCKY BRAND Items. DEFENDANTS' representations were a substantial factor in PLAINTIFF's purchase decisions.

113. In addition, class-wide reliance can be inferred because DEFENDANTS' misrepresentations were material, i.e., a reasonable consumer would consider them important in deciding whether to buy LUCKY BRAND Items.

114. DEFENDANTS' representations were a substantial factor and

proximate cause in causing damages and losses to PLAINTIFF and the CLASS.

115. PLAINTIFF and the CLASS were injured as a direct and proximate result of DEFENDANTS' conduct because (a) they would not have purchased the LUCKY BRAND Items if they had known that they were not discounted, and/or (b) they overpaid for the Items because the Items were not at a discount. Through its unlawful acts and practices, DEFENDANTS have improperly obtained money from PLAINTIFF and the CLASS. As such, PLAINTIFF requests that this Court enjoin DEFENDANTS from continuing to violate the UCL as alleged herein.

116. Pursuant to Business and Professions Code section 17203, PLAINTIFF and the CLASS seek an order of this Court enjoining DEFENDANTS from continuing to engage in unlawful, unfair, or deceptive business practices and any other act prohibited by law, including those acts alleged in this complaint.

## FOURTH CAUSE OF ACTION

**Breach of Contract**

**(On behalf of PLAINTIFF and the CLASS)**

117. PLAINTIFF incorporate herein by specific reference, as though fully set forth, the allegations in the preceding paragraphs.

118. PLAINTIFF brings this claim on behalf of himself and the CLASS.

119. PLAINTIFF and the CLASS entered into contracts with DEFENDANT when they placed orders to purchase Items on LUCKY BRAND's website.

120. The contracts provided that PLAINTIFF and the CLASS would pay LUCKY BRAND for the Items purchased.

121. The contracts further required that DEFENDANTS provide PLAINTIFF and the CLASS with Items that have a market value equal to the prices displayed on the website. Additionally, the contracts required that DEFENDANTS provide PLAINTIFF and CLASS with a discount equal to the difference between the prices paid and the regular prices and/or market values equal to the displayed

"Comp. Value" prices. These were specific and material terms of the contract.

122. The specific discounts were a specific and material term of each contract.

123. PLAINTIFF and the CLASS paid DEFENDANTS for the Items they purchased, and satisfied all other conditions of their contracts.

124. DEFENDANTS breached their contracts with PLAINTIFF and the CLASS by failing to provide them with a discount equal to the difference between the prices paid and the regular prices and/or market values equal to the "Comp. Value" prices displayed, and by failing to apply the advertised discount at checkout.

125. As a direct and proximate result of DEFENDANTS' aforementioned breaches, PLAINTIFF and the CLASS were deprived of the benefit of their bargained-for exchange, and have suffered damages in an amount to be established at trial.

**FIFTH CAUSE OF ACTION**

**Intentional Misrepresentation**

**(On behalf of PLAINTIFF and the CLASS)**

126. PLAINTIFF incorporate herein by specific reference, as though fully set forth, the allegations in the preceding paragraphs.

127. PLAINTIFF brings this claim on behalf of himself and the CLASS.

128. As alleged in detail above, DEFENDANTS made false representations and material omissions of fact to PLAINTIFF and the CLASS concerning the existence and/or nature of the discounts and savings advertised on LUCKY BRAND's website .

129. When DEFENDANTS made these misrepresentations, they knew that they were false at the time that they made them and/or acted recklessly in making the misrepresentations.

130. DEFENDANTS intended that PLAINTIFF and the CLASS rely on these misrepresentations and PLAINTIFF and the CLASS read and reasonably

relied on the misrepresentations.

131. In addition, class-wide reliance can be inferred because DEFENDANTS' misrepresentations were material, i.e., a reasonable consumer would consider them important in deciding whether to buy the LUCKY BRAND Items falsely advertised as discounted.

132. DEFENDANTS' misrepresentations were a substantial factor and proximate cause in causing damages and losses to PLAINTIFF and the CLASS.

133. PLAINTIFF and the CLASS were injured as a direct and proximate result of DEFENDANTS' misrepresentations because they would not have purchased LUCKY BRAND Items if they had known that the representations were false.

134. PLAINTIFF and the CLASS have suffered injury as a result of DEFENDANT'S unlawful misrepresentations, and are therefore entitled to appropriate relief, including restitution and damages.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF, individually and on behalf of the CLASS MEMBERS, respectfully requests that the Court enter judgment in his favor and against DEFENDANTS as follows:

1. For an Order certifying this case as a class action on behalf of the classes defined above, and appointing PLAINTIFF and his Counsel to represent the Class;

2. For a declaration that DEFENDANTS' actions, as described herein, are unlawful and as described herein;

3. For an award of injunctive and other equitable relief as is necessary to protect the interests of PLAINTIFF and the CLASS MEMBERS, including, *inter alia*, an order prohibiting DEFENDANTS from engaging in the unlawful acts described above;

4. For an award of all economic, monetary, actual, consequential, and

MATERN LAW GROUP, PC
2101 E. EL SEGUNDO BLVD.,
SUITE 403
EL SEGUNDO, CA 90245

compensatory damages caused by DEFENDANTS' conduct in an amount to be determined at trial, including but not limited to all penalties authorized by California Civil Code section 1798.80, *et seq*. and California Business & Professions Code section 17200, *et seq*.;

5. For an award to PLAINTIFF and his counsel of their reasonable expenses and attorneys' fees, as allowable by law;

6. For an award to PLAINTIFF and the CLASS MEMBERS of pre- and post-judgment interest, to the extent allowable; and;

7. For such further relief that the Court may deem just and proper.

DATED: September 14, 2026 **MATERN LAW GROUP, PC**

By: */s/ Mikael H. Stahle*
MATTHEW J. MATERN
MIKAEL H. STAHLE

Attorneys for Plaintiff SEAN ROSE, individually and on behalf of all others similarly situated

**DEMAND FOR JURY TRIAL**

PLAINTIFF, individually and on behalf of all others similarly situated, hereby demands a jury trial on all issues so triable.

DATED: September 14, 2026 **MATERN LAW GROUP, PC**

By: */s/ Mikael H. Stahle*
MATTHEW J. MATERN
MIKAEL H. STAHLE

Attorneys for Plaintiff SEAN ROSE, individually and on behalf of all others similarly situated